IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Boston Division

RECEIPT # 55934
AMOUNT $ 150 —
SUMMONS ISSUED ✓
LOCAL RULE 4:1
WAIVER FORM:
MCF ISSUED:
BY DPTY. CLK.:
DATE 5-17-04

WILLIAM G. MCQUADE
31 High Street
Stoneham, MA 02180

        Plaintiff

vs.

NATIONAL RAILROAD
PASSENGER CORPORATION
253 Summer Street
Boston, MA 02210

        Defendant

JURY TRIAL DEMANDED

NO. 04-10975RWZ

MAGISTRATE JUDGE Bowler

## CIVIL ACTION

1. The Plaintiff, William G. McQuade, is an adult individual residing at 31 High Street, Stoneham, Massachusetts 02180.

2. The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 253 Summer Street, Boston, Massachusetts 02210.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60; The Federal Safety Appliance Act, 45 U.S.C. §§1-16; and the Boiler Inspection Act, 45 U.S.C. §§22-34.

4. At all times hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of his employment by Defendant and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

## COUNT I
## OCCUPATIONAL CARPAL TUNNEL SYNDROME

7. Plaintiff incorporates by reference paragraphs 1 through 6 herein as if set forth fully at length.

8. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

9. The Plaintiff has been employed by the Defendant from 1976 through and including the present as a car inspector and while working within the scope of his employment in and around Boston, Massachusetts, was exposed to occupational risk factors for carpal tunnel syndrome, including but not limited to repetition, force, vibration and awkward arm posture.

10. Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

a) failure to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 5 U.S.C. §§51-60; the Federal Safety Appliance 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

b) failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel syndrome;

c) failure to comply with safety and operating rules and regulations of the Defendant;

d) forcing the Plaintiff to work under hurried and/or awkward conditions;

e) negligence of the Defendant's agents, servants, workmen and/or employees; and

f) negligence at law; and

g) otherwise failing to exercise due and adequate care under the circumstances including, but not limited to, a lack of adequate manpower.

11. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff suffered occupational carpal tunnel syndrome.

12. The Plaintiff was diagnosed with occupational carpal tunnel syndrome.

13. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

14. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

15. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant, National Railroad Passenger Corporation, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs and interest thereon.

## COUNT II
## OCCUPATIONAL LUNG DISEASE

16. Plaintiff incorporates by reference paragraphs 1 through 6 herein as if set forth fully at length.

17. The injuries and disability of Plaintiff while working as an employee of the Defendant was caused by his exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

18. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

19. Plaintiff's exposure began in or about 1976 and continued through and including the present, primarily while Plaintiff was working as a car inspector for the Defendant in and around Boston, Massachusetts.

20. Plaintiff's illness was diagnosed as asbestosis.

21. Plaintiff discovered that he had sustained asbestosis from exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

22. Plaintiff's asbestosis was caused and/or contributed by in whole or in part by the negligence, carelessness and/or recklessness of the Defendant, generally and more specifically as follows:

   a) In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with, touching or inhaling toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

   b) In failing to provide the Plaintiff with reasonably safe and sufficient personal safety apparel and equipment including but not limited to respirators as was necessary to protect him from being injured, poisoned, disabled, killed or otherwise harmed, by working with, using, handling and/or coming in contact with and being exposed to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

   c) In failing to provide Plaintiff with a reasonably safe place in which to work.

d) In failing to minimize or eliminate Plaintiff's exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, by providing ventilating and exhaust fans, dampening or wetting procedures and other recommended and available procedures.

e) In failing to conduct any tests to determine the presence and/or amount of toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, in and around the Plaintiff's workplace.

f) In failing to transfer Plaintiff from workplaces where he had been exposed to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not liimited to asbestos, to other employment with no such or lesser exposure.

g) In failing to conduct physical examinations of Plaintiff of such quality as to detect any effects of toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, so that its employees, such as Plaintiff, could be advised as to the dangers of such exposure so Plaintiff could take appropriate safety measures.

h) In failing to issue and enforce appropriate safety rules limiting or eliminating exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

i) In failing to obey appropriate and applicable federal and state regulations and industrial hygiene recommendations intended to protect Plaintiff

from exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

23. As a direct and proximate result, in whole or part of one or more of the foregoing negligent or unlawful acts on the part of the Defendants, Plaintiff suffered exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, which caused him to sustain a severe injury to his body and respiratory system.

24. As a result, Plaintiff has suffered pain, nervousness and mental anguish and has been obliged to spend various sums of money to treat his disease and injuries, sustained a loss of earnings and earning capacity, and his enjoyment of life has been greatly impaired.

WHEREFORE, the Plaintiff demands judgment against the Defendant, National Railroad Passenger Corporation, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs and interest thereon.

Dated: 5/13/04

HANNON & JOYCE

BY: _____
THOMAS J. JOYCE, III, ESQUIRE
The Public Ledger Building - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

Dated: 5/13/04

LAWSON & WEITZEN, LLP

_____
MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff